IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEBORA J. MAYES,  )<br>  )<br>  Plaintiff,  )<br>v.  )<br>  )<br>BIRMINGHAM CITY SCHOOLS,  )<br>  )<br>  Defendant.  ) | Case No. _____ |

## COMPLAINT

COMES NOW, Dr. Debora J. Mayes (hereinafter "Dr. Mayes" or "Plaintiff") and hereby files this Complaint against Birmingham City Schools (hereinafter "BCS" or "Defendant") and states as follows:

## JURISDICTION

1. This is an action for declaratory judgment, equitable relief and monetary damages, instituted to secure the protection of and to redress the deprivation of rights secured through the Age Discrimination in Employment Act as amended, 29 U.S.C. § 621 *et seq.* (hereinafter "ADEA"), which provides for relief from age discrimination in employment, and pursuant to 28 U.S.C. §§ 1331, 1343(4), 1367.

2. Dr. Mayes has fulfilled all conditions precedent to the institution of this action under ADEA. Dr. Mayes filed her charge of age discrimination

1

with the Equal Employment Opportunity Commission (hereinafter "EEOC") within 180 days of the occurrence of the last respective discriminatory act, Charge No. 420-2016-03512, on or about September 16, 2016. Her notice of right to sue was mailed to her on August 24, 2017. A copy of Ms. Mayes' EEOC Charge of Discrimination and her Dismissal and Notice of Rights are attached hereto as Exhibit A.

    3.    This Court has supplemental jurisdiction over Plaintiff's state law claim(s) because said claims are so related to the Plaintiff's claims under the ADEA that they form part of the same case or controversy under Title III of the United States Constitution.

    4.    The unlawful practices alleged herein were committed by Defendant in Jefferson County in the state of Alabama. Thus, venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

    5.    Plaintiff, Debora J. Mayes, is an African American female citizen of the United States of America, is a resident of the state of Alabama and is over the age of 19. At all times relevant to this action, Dr. Mayes was employed by Defendant and was over the age of 40.

    6.    Defendant is an employer in Jefferson County, Alabama and is subject to suit under 29 U.S.C. § 621 *et seq*. At all times relevant to this action, Defendant

has employed at least 20 persons.

## FACTS

7. Dr. Mayes is a highly competent and qualified educator. Majoring in music education, Dr. Mayes earned her B.A. in 1977 from Alabama State University. In 1982, she was awarded a Master of Arts degree in Music Education. Continuing to improve her skill and expand her knowledge, Dr. Mayes acquired an Educational Specialist degree in 1997.

8. Dr. Mayes began her employment with Defendant Birmingham City Schools in September 1977 as a band teacher, serving Defendant's K-8 schools of Norwood, McArthur, Fairview and Kirby.

9. In 1985, Norwood became Kirby Middle School, and Dr. Mayes worked as the band teacher at Kirby from 1985 until 1997.

10. In 1997, Dr. Mayes was promoted to Band Curriculum Support Teacher (hereinafter "BCST") and began reporting to Defendant's central office.

11. As BCST, Dr. Mayes served as a professional resource for all K-8 and high school band teachers, which required her to travel from school to school to work hands on with students to develop their skill and provide on-site direction to the respective band teachers.

12. Following a reduction in force in 2003, Dr. Mayes began working as band director at Whatley K-8 School for nine months of the year, but she

continued reporting to the central office for three months of the year.

13. During the three-month summer period, Dr. Mayes directed the June Tune Jazz Camp, orchestrated the All City Marching Band Camp in July, and worked with Defendant's high school marching bands to ensure they were ready for the football season(s).

14. In 2007, Jemmie P. Hawkins, Julia Matson and Jeanine S. Bell (Defendant's Choral Music Specialist, Drama Specialist and Visual Arts Specialist, respectively), retired from Defendant's music department. This left Ms. Mayes and Mr. John McAphee (Coordinator of Fine Arts) as the only two employees serving the band programs of the entire Birmingham City School system.

15. Given the foregoing resignations and that Dr. Mayes had been performing the functions of a band program specialist since 1999, Mr. McAphee petitioned Defendant to hire another person to support the band-related functions of Defendant school system and to make Dr. Mayes a music program specialist.

16. On or about August 16, 2007, Defendant posted a notice of vacancy for a Music Program Specialist (hereinafter "MPS"), and Ms. Mayes timely applied for the post.

17. Arthur Watts, Defendant's Chief Financial Officer, informed Mr. McAphee that he could not authorize Dr. Mayes for the MPS position, but he would consider her for a teaching position.

18. The MPS posting notice was modified very slightly and renamed Instrumental Music Curriculum Support Teacher (hereinafter "IMCST"). The duties of the IMCST and MPS, as set forth in the respective job Notice of Vacancy, were materially the same.

19. Virtually every department in the Birmingham City School system has a program or curriculum specialist, all except the Music Department.

20. In October 2012, Dr. Craig Witherspoon (then Birmingham City School superintendent), promised Ms. Mayes that he would ensure that Dr. Mayes was elevated to Music Program Specialist, as it was well-deserved. In fact, given Dr. Mayes' expertise and professionalism, Dr. Witherspoon expressed that he thought Dr. Mayes was already a program specialist.

21. In several email communications, Dr. Witherspoon memorialized his intention to elevate Dr. Mayes to a program specialist position by vowing to take the first step and present it to Defendant's Board.

22. Relying on Dr. Witherspoon's assurances, Dr. Mayes continued her employment with Defendant.

23. Moreover, the anticipation of becoming a program specialist helped motivate and induce Dr. Mayes to continue to pursue and achieve her doctorate degree, despite the high out-of-pocket financial cost. North Central University (Prescott, Arizona) bestowed Dr. Mayes' Education Doctorate degree on her in

November 2014.  However, Defendant never honored its commitment.

24.   Dr. Mayes has appealed to individual members of the Birmingham Board of Education and Defendant's Human Resources Department on multiple occasions to make her pay and title consistent with the job she is performing and honor its contract, but to no avail.  Her most recent futile attempt was July 2016.

25.   Dr. Mayes has applied for and expressed interest in music specialist positions posted and filled by Defendant since 1997.  However, each time she was unjustifiably and discriminatorily denied the opportunity.

26.   Dr. Mayes has witnessed much younger and inexperienced educators ascend to program specialist positions after she had been promised a program specialist position but denied repeatedly.

27.   Dr. Mayes has been maxed out in her salary since 2004 and has only received across-the-board state increases and an increase for obtaining her doctorate degree in November 2014.

28.   Dr. Mayes' ability and expertise have been evident throughout her career.  Her accomplishments and accolades bear this out.

29.  Dr. Mayes has served as a panelist at several *Successful Band Directors in Disadvantaged Situations* programs.  Also, she has been named Birmingham City Schools Teacher of the Year.  Further, essentially all initiatives and efforts Dr. Mayes have directed or assumed a substantial role in carrying out

her duties for Defendant have flourished and received acclaim.

30. On September 16, 2016, Dr. Mayes filed a charge of discrimination with the EEOC (Charge No. 420-2016-03512), asserting that Birmingham City Schools had engaged in age discrimination in her compensation and assignment of job duties in violation of Age Discrimination in Employment Act, as amended.

31. Dr. Mayes has been a model employee since she began working in the Birmingham City School system, which spans 40 years of dedicated, loyal and competent service.

## COUNT I—AGE DISCRIMINATION

32. Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1-31 above as if set forth herein in full.

33. Defendant denied Plaintiff promotion and opportunities for higher income. Employees much younger than Plaintiff were elevated to program specialist positions, although they had neither the experience nor expertise Plaintiff possesses.

34. Persons outside the protected class (i.e., employees under the age of the 40) and other employees significantly younger than Plaintiff have been paid higher incomes in various specialist positions. Despite not being paid the salary or awarded the title of music specialist, Plaintiff has performed the duties of a specialist for at least 20 years.

35. Plaintiff experienced humiliation as she witnessed much younger and inexperienced BCS employees ascend to Specialist positions. Specifically, the list of such younger and less experienced persons includes, but is not necessarily limited to, Pamela Wimbush, Dawn Johnson, Natassa Flowers, Tammara Taylor Tippett, Melissa Cottrell, Maria Lyas Young, Alicia Bailey and Sherri Huff.

36. Defendant's practices set forth in this section were motivated by age animus in violation of the Age Discrimination in Employment Act, as amended. Defendant treated Dr. Mayes differently than other similarly situated younger employees in terms of compensation, benefits and other terms and conditions of her employment.

37. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back pay, liquidated damages, and injunctive and declaratory relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein, unless remedied by this Court.

## COUNT II— BREACH OF CONTRACT

38. Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1-37 above as if set forth herein in full.

39. Defendant, by and through former BSC Superintendent Dr. Craig Witherspoon, promised Plaintiff a position as a program specialist in 2012 and led

8

her to believe she would be granted such a position.  Plaintiff relied on this promise and made a decision to remain employed with Defendant as a band teacher and rigorously pursue her doctorate designation, despite the high financial cost.

40. However, Defendant reneged on its promise, but Dr. Mayes remained steadfast and continued to perform the functions of band program specialist in an exemplary fashion, without complaining or causing problems in the workplace.

41. At all times relevant to this lawsuit, the difference in annual compensation between Dr. Mayes's salary as a teacher and what she would have been paid as a specialist ranged $4,000 to $6,000.

42. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action for compensation and position award consistent with Defendant's and Plaintiff's verbal contract.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this honorable Court assumes jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies and practices, conditions, and customs of Birmingham City Schools violated the rights of Plaintiff as secured by the Age Discrimination in Employment Act, as amended.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at

Defendant's request from continuing to violate ADEA and breaching its contract with Plaintiff.

3. Enter an Order requiring Defendant to make Plaintiff whole by awarding her the position and compensation she would have had in the absence of its age discrimination and breach of contract, back pay, lost seniority, lost benefits, and liquidated damages.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

## JURY DEMAND

**Plaintiff demands a trial by struck jury on all issues so triable.**

**THE UNDERSIGNED COUNSEL REQUESTS SERVICE TO DEFENDANT BE PERFECTED VIA CERTIFIED MAIL BY THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA.**

Respectfully submitted, this 22nd day of November, 2017.

/s/ Robert L. Beeman, II
Robert L. Beeman, II
Attorney for Plaintiff
Alabama Bar No. 1838-E63R
3720 4th Avenue South
Birmingham, AL 35222
rlbsportsmgnt@att.net
205.422.9015 (P)
800.693.5150 (F)

## **CERTIFICATE OF SERVICE**

 I hereby certify a copy of the foregoing document has been arranged to be served on Birmingham City Schools at the address below via certified mail by the Clerk of Court for the United States District Court for the Northern District of Alabama on the 22nd day of November, 2017.

              */s/Robert L. Beeman, II*_____
              Robert L. Beeman, II
              [ASB-1838-E63R]


Ms. Amanda Cross
Birmingham City Schools
2015 Park Place
Birmingham, AL 35203